**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **U.S. FOODSERVICE, INC.,** | : | **3:06cv1293** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **LONG ISLAND RESTAURANT, LLC,** | : | |
| **and NILESH PATEL,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the court for disposition is defendants' Motion to Dismiss for lack of diversity of citizenship and subject matter jurisdiction under 28 U.S.C. § 1332, lack of subject matter jurisdiction under 28 U.S.C. § 2201, improper venue, and lack of jurisdiction over Defendant Patel. (Doc. 20). The matter has been fully briefed and is ripe for disposition. For the following reasons, the motion will be denied.

**Background**

According to the complaint, on May 26, 2004, Defendants Long Island Restaurant, LLC and Nilesh Patel entered into a Credit Application Agreement with Plaintiff U.S. Foodservice, Inc. to purchase goods and services on credit. (Complaint, Doc. 1 (Hereinafter "Compl."), ¶ 8).[1] Defendants subsequently ordered, received, and accepted delivery of goods and services from plaintiff. (Id. ¶ 10). Plaintiff supplied defendants with invoices. (Id. ¶ 12). Pursuant to the terms of the invoices, defendants were obligated within twenty-one days from the invoice date to make payment to plaintiff in full for goods and services periodically received. (Id. ¶ 11). Plaintiff claims that defendants failed to pay the full purchase price of the goods and services provided as required by the agreement and

---

[1] Plaintiff states that according to the agreement, defendants were bound by the agreement, all invoices, and other documents furnished by plaintiff. (Id. ¶ 9).

invoices, and developed an unpaid account receivable balance.  (Id. ¶ 13).
On June 7, 2006, counsel for plaintiff demanded payment under the
invoices for the goods sold and delivered to defendants and for additional
charges related to defendants' alleged non-payment.  (Id. ¶ 14).  Plaintiff
asserts that at the time the complaint was filed the defendants had failed to
pay the amount owed pursuant to the agreement and invoices.  (Id. ¶ 15).

On June 29, 2006, plaintiff filed suit against defendants for I) breach
of contract; II) unjust enrichment; III) recovery of price under the
Pennsylvania Commercial Code; and IV) breach of personal guaranty.  (Id.
¶ 1).[2]  On June 13, 2007, defendants filed a motion to dismiss due to lack
of diversity of citizenship and subject matter jurisdiction under 28 U.S.C. §
1332, lack of subject matter jurisdiction under 28 U.S.C. § 2201, improper
venue, and lack of jurisdiction over Defendant Patel.  (Doc. 20).
Defendants also argue that complaint was not properly served.  We shall
address these issues *in seriatim*.

## I. Lack of Diversity of Citizenship

---

[2]Count 1, breach of contract, seeks $76,697.36 in damages, plus
prejudgment interest, costs, attorneys' fees, post-judgment interest and
such other and further relief as this Court may deem proper.  (Id. ¶ 22).  In
the alternative, Count 2, unjust enrichment, seeks $76,697.36 in damages,
plus prejudgment interest, costs, attorneys' fees, post-judgment interest
and such other and further relief as this Court may deem proper.  (Id. ¶
30).  Count 3 seeks recovery of price under Pennsylvania Commercial
Code, seeks $76,797.36 in damages, plus prejudgment interest, costs,
attorneys' fees, post-judgment interest an such other and further relief as
authorized by 13 Penn. Con. Stat. Ann. § 2709(a)(1), and incidental
damages pursuant to 13 Penn. Cons. Stat. Ann. § 2710.  (Id. ¶ 34).  Count
4, breach of personal guaranty, seeks $76,697.36 in damages, plus
prejudgment interest, costs, attorneys' fees, post-judgment interest and
such other and further relief as this Court may deem proper.  (Id. ¶ 38).

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) *cert. denied sub nom* Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993). In the instant case, plaintiff premises jurisdiction on diversity of citizenship. The diversity jurisdiction statute provides:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."[3]  28 U.S.C. § 1332(a)(1).  28 U.S.C. § 1332 and "its predecessors have consistently been held to require complete diversity of citizenship.  That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  Owen Equipment & Erection Co. v. Kroger, 437, U.S. 365, 373 (1978)(citing Snyder v. Harris, 394 U.S. 332, 338-339 (1969)).  The burden is on plaintiff to establish that diversity of citizenship exists.  Petruska v. Gannon University, 462 F.3d 294, 301 n.3 (3d Cir. 2006) ("No presumptive truthfulness attaches to plaintiff's allegations ... the plaintiff will have the burden of proof that jurisdiction does in fact exist.") (citing Petruska v. Gannon University, 350 F.Supp.2d 666 (W.D.Pa. Dec 27, 2004)).

The complaint asserts that plaintiff is a citizen of Delaware and Maryland, and the defendants are citizens of New York.  (Doc. 1, Complaint ¶ ¶ 1 - 5).  Defendants concede that they are citizens of New York and do not challenge that the amount in controversy exceeds

---

[3] "Federal diversity jurisdiction exists to neutralize local prejudices against foreign parties and ensure that the outcome of a trial is unaffected by the parties' affiliation with the locality."  Bank of the United States v. Deveaux, 9 U.S. (5 Cranch), 61, 87, 3 L.Ed 38 (1809).

$75,000.  Defendants, however, challenge the plaintiff's citizenship and argue that complete diversity of citizenship is not present in the instant action.  They, therefore, deny that this court has subject matter jurisdiction.

Plaintiff is a corporation.  For diversity of citizenship purposes, a corporation is a citizen (i) of any State by which it has been incorporated; and (ii) of the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  We will address these two issues separately to determine plaintiff's citizenship.

A. State of Plaintiff's Incorporation

The complaint states plaintiff is a Delaware corporation that purchases, warehouses, sells and distributes food and food related products.  (Compl. ¶ 1).  Defendants, however, assert that plaintiff is a corporation of Delaware (where plaintiff alleges that it is incorporated), New York, and every other state where it is incorporated.  Defendants present Exhibit B, a NYS Department of State Division of Corporations's Entity Form for U.S. Foodservice, Inc., to support its assertion.  Defendants claim that the form establishes that plaintiff has been incorporated in New York since May 18, 1989.  Consequentially, defendants argue that all parties are citizens of New York and diversity of citizenship does not exist, therefore, denying this court subject matter jurisdiction over this matter.

Plaintiff argues that Exhibit B merely indicates that it is registered to do business in New York and points to the fact that its entity type is classified as "Foreign Business Corporation" with jurisdiction in Delaware.  (Id., Doc. 21-3).  Plaintiff presents other evidence to support its incorporation in Delaware: 1) Exhibit A (Doc. 21-2, pp. 2-4), a deposition by Donna Bishop, a Regional Credit Manager of Northstar Foodservice, a

4

division of U.S. Foodservice, Inc.; and 2) Exhibit 1 (Doc. 21-2, pp. 6-13), a Delaware Restated Certificates of Incorporation for plaintiff and a Delaware Certificate of Amendment.  Ms. Bishop stated that plaintiff is "incorporated in the state of Delaware."  (Exhibit A, Doc. 21-2, p.3 ).  The Certificate of Amendment states clearly that "J.P. Foodservice Distributors, Inc., *a corporation organized and existing under and by virtue of ... the State of Delaware*" changed its name to U.S. Foodservice, Inc.  (Exhibit 1, Doc. 21-2, p.12)(emphasis added).

We agree with the plaintiff and find defendants' argument to be wholly without merit.   We find that the evidence reviewed above supports U.S. Foodservice, Inc. being solely a Delaware corporation.  Plaintiff is registered to do business in New York, but is not incorporated in that state.  Thus, based on incorporation, plaintiff is only a citizen of Delaware.  Diversity of citizenship, therefore, is not defeated.

B. Plaintiff's Principal Place of Business

Plaintiff is also a citizen of the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1).  Defendants also challenge the plaintiff's purported principal place of business.  The complaint states plaintiff's principal place of business is at 9755 Patuxent Woods Drive, Columbia, Maryland 21046.  (Compl. ¶ 1).  Defendants, however, claim plaintiff's principal place of business is at 755 Pierce Road, Clifton Park, New York 12065, where plaintiff maintains a Full Distribution Facility.

To determine a corporation's principal place of business, the Third Circuit Court of Appeals applies the "center of corporate activities" test, which requires courts to ascertain the headquarters of the day-to-day corporate activity and management.  Kelly v. U.S. Steel Corp., 284 F.2d

850, 853-854 (3d Cir. 1960).  To make this determination, courts look to where the corporation conducts its corporate affairs.  Id.

The Third Circuit has further explained that: "In Kelly, we determined that it is the 'business by way of activities... [that] indicate the principal place of business.'  We emphasized that a corporation's principal place of business is not 'where ... final decisions are made on corporate policy,' but rather where the corporation 'conducts its affairs.'" Grand Union v. Lockhart, 316 F.3d 408, 411 (3d Cir. 2003)(citing Kelly v. U.S. Steel Corp., 284 F.2d 850 (3d Cir. 1960)).  Further, the Eastern District of Pennsylvania stated that "relevant factors of lesser importance include: (1) location of physical plants; (2) locations of assets; and (3) location of employees." Freedom Properties v. Lansdale Warehouse, No. Civ.A.06-5469, 2007 WL 1683850, at *3 (E.D.Pa. June 7, 2007).

Defendants maintain that New York is the plaintiff's principal place of business.  Defendants argue that plaintiff has been authorized to conduct business in New York for over 18 years and has a Full Distribution Facility in New York, plaintiff "conducts its affairs" in New York, has a physical plant in New York, it has assets located in New York, and it has employees located in New York.  Additionally, the goods were delivered to the defendants by the plaintiff's New York facility.  Defendants have not met with the plaintiff, received goods from them, nor had any dealings with them outside of New York.  Defendants again assert that plaintiff's principal place of business is in New York and that diversity of citizenship does not exist.

Plaintiff argues that defendants' claim is not supported by fact or law. Plaintiff states that the headquarters of the day-to-day corporate activity

and management of the company is in Maryland.  Plaintiff again points to Exhibit A, Ms. Bishop's testimony, to support its argument.  Plaintiff argues that the warehouse in New York is irrelevant because it has no officers or directors at the facility, and no management decisions for the company come from that location.

After a careful review, we agree with the plaintiff.  We that find the evidence supports that U.S. Foodservice, Inc.'s principal place of business is in Maryland.  The  NYS Department of State Division of Corporations's Entity Form lists both plaintiff's a) Chairman or Chief Executive Officer's address; and b) Principal Executive Office's address as 9755 Patuxent Woods Drive, Columbia, Maryland, 21046.  Columbia, Maryland is where plaintiff conducts its corporate affairs.  It does not conduct its corporate affairs at the Full Distribution Facility in New York.  Defendants do not present evidence to the contrary.  Therefore, plaintiff is also a citizen of Maryland, where its principal place of business is located.    Diversity of citizenship is not defeated.

Thus, plaintiff is a citizen of both Delaware and Maryland.  Defendants concede that they are citizens of New York.  Therefore, diversity of citizenship exists in this case.  Since the amount in controversy has not been challenged as insufficient, diversity jurisdiction has been established.  We will deny the defendants' Motion to Dismiss with respect to the defendants' challenge of diversity jurisdiction.

## II. Lack of Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 2201

The complaint asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 *and* 28 U.S.C. § 2201. (Compl. ¶ 5)(emphasis added).  Defendants argue 28 U.S.C. § 2201 does

not confer subject matter jurisdiction to this Court in the instant case. Plaintiff claims that the reference to 28 U.S.C. § 2201 was a mistake and concedes that it does not establish subject matter jurisdiction in this suit.

We find that the plaintiff's error is not fatal because subject matter jurisdiction is established under 28 U.S.C. § 1332.  (See supra pp. 2-7). We will deny the defendants' Motion to Dismiss with respect to the defendants' challenge of lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2201.

**III.  Venue**

Defendants also argue that venue is not proper in this court.   In diversity cases, suit may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a).  "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."  Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).  Therefore, "the test for determining venue is . . . the location of those 'events or omissions giving rise to the claim' and the courts are not required to select the 'best' forum." Id., 36 F.3d at 294 (citing Setco Enters. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994).

The complaint asserts that venue is proper within the Middle District of Pennsylvania under 28 U.S.C. § 1391(a) and (c) because (i) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (ii) the defendants are subject to personal jurisdiction in this District.  Furthermore, venue is also proper in this District since

8

defendants waived the right to change the venue of this action under the terms of their Agreement with the plaintiff.

Defendants disagree that a substantial part of the events or omissions giving rise to the claim occurred in Pennsylvania.  They claim that all deliveries were made from the plaintiff's New York office to the defendants' restaurant in New York.  The parties never met outside of New York.  Defendants assert the parties had no dealings outside of New York and, therefore, the Middle District of Pennsylvania is an improper venue for this suit.

Plaintiff argues that the statute does not require that a majority of the events took place in the District, nor that the challenged forum be the best venue.  Cottman Transmission Sys., Inc. V. Martino, 36 F.3d 291, 294 (3d Cir. 1994).  Plaintiff claims that defendants have again misstated the facts. Plaintiff asserts, by means of Ms. Bishop's affidavit, that the defendants purposely availed themselves of this Court's jurisdiction by negotiating and contracting with the United Foodservice division located in Pittston, Pennsylvania.  Additionally, plaintiff contends, again by means of Ms. Bishop's affidavit, that the Pittston facility shipped goods to defendants' restaurant and invoiced them for such goods.

After a careful review, we agree with the plaintiffs.   The affidavit of Ms. Bishop indicates that the defendant received and accepted goods shipped from Plaintiff's Pittston, Pennsylvania division.  (Doc. 21-2, pg. 3, ¶¶ 8-9).  It is the shipment and receipt of these goods that forms the basis of the complaint.[4]  Therefore, we find that venue is proper in the Middle

---

[4]In response, defendants Ms. Bishop is merely offering her opinion on the Credit Application Agreement presented to her and does not claim

District of Pennsylvania.

## IV. Consent to the Jurisdiction of this Court

Defendants deny ever entering into the Credit Application Agreement and, therefore, argue there is no written agreement between the parties that confers this court with *in personam* jurisdiction over the defendants, or that places venue in this court, or which grants subject matter jurisdiction to this court.[5]

Plaintiff contends that this argument is irrelevant because this court has jurisdiction for the numerous reasons set forth above.  We agree. Whether or not Defendant Patel's signature was forged on the Credit Agreement goes to the ultimate issues in this case, not to the issue of jurisdiction.

---

she had firsthand knowledge of the facts.  She does not state that she prepared the document, that she had any communications with defendants about it, that she negotiated any of its terms, that she requested that it be signed, or that she ever received a signed copy of it from defendants. Furthermore, defendants argue that Ms. Bishop has no firsthand knowledge of the location from where the goods were shipped or whether they were received or accepted by defendants other than the invoice.  In his affidavit, Defendant Patel states that he never had any dealings with Ms. Bishop.  Defendants maintain the Middle District of Pennsylvania is an improper venue for this suit and the Motion to Dismiss should be granted. These issues may be proper for the defendant to argue at a later time with regard to the merits of the case, however, for the purpose of determining venue, we find that the plaintiff has submitted sufficient evidence.

[5]Defendants claim the signature on the Agreement is a forgery.  (Defendant Patel Affidavit, Doc. 24, p.10) ("Had a written agreement ever been entered into between the parties, or the Credit Application Agreement been a document actually presented to us, negotiated and signed by me, *rather than Plaintiff's own document conveniently forged with my signatures*, why would the Plaintiff not produce affidavits from each of its employees that allegedly actually participated in the process." (emphasis added)).

## IV. Improper Service of Process

Finally, defendants argue that service of the complaint was not proper.  Federal Rules of Civil Procedure Rule 4(m) states that "if the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion, or on its own initiative after notice to the plaintiff, shall dismiss the action[.]" Defendant argues that as proper service has not been made within the required time frame, the case should be dismissed.  We disagree.

Plaintiff commenced the instant action by filing the summons and complaint on June 29, 2006 and served Defendant Patel by United States Postal Service Certified Mail with a copy of the pleadings on July 25, 2006.

Defendants contend that service of the summons and complaint solely by United States Postal Service Certified Mail service is not in compliance with Federal Rules of Civil Procedure Rule 4(e)[6], nor New York State Civil Practice Laws and Rules § 308.[7]  Hence, defendants argue that

---

[6] "[S]ervice upon an individual from whom a waiver has not been obtained and filed... may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the court of general jurisdiction of the State; or (2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e).

[7] "Personal service upon a natural person shall be made by way of the following methods: (1) by delivering the summons within the state to the person to be served; or (2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served ...; or (3) by delivering the summons within the state to the agent for service of the person to be served as

this court never obtained personal jurisdiction over Defendant Patel
because they were never properly served.  Thus, defendants argue that
the Motion to Dismiss should be granted.

Plaintiff however, correctly argue that it is Pennsylvania law that
governs service of the complaint, not New York law.  Rule 4(e) of the
Federal Rules of Civil Procedure provides that "service upon an individual
from whom a waiver has not been obtained and filed ... may be effected in
any judicial district of the United States: (1) pursuant to the law of the state
in which the district court is located."  Id.  Plaintiff argues that Pennsylvania
Rules are applicable and clearly allow service of process outside the
Commonwealth by mail.

We agree with plaintiff's argument and find no merit to defendants'
arguments.  Under Rule 4(e) of the Federal Rules of Civil Procedure,
Pennsylvania law is applicable in the instant action.  Pennsylvania law
provides that "if a rule of civil procedure authorizes original process to be
served by mail, a copy of the process shall be mailed to the defendant by
any form of mail requiring a receipt signed by the defendant or his
authorized agent. Service is complete upon delivery of the mail." PENN. R.
CIV. P. 403.  Original process served by mail to an out-of-state defendant is
authorized by Pennsylvania Rule of Civil Procedure 404(a)(2).[8]  Exhibit C is

---

designated; (4) where service under paragraphs one or two cannot be made with
due diligence, by affixing the summons t othe door of either the actual place of
business, dwelling place or usual place of abode within the state of the person to
be served and[.]"   N.Y. C.P.L.R. § 308.

[8] "Original process shall be served outside the Commonwealth within ninety
days of the issuance of the writ or the filing of the complaint or the reissuance or
the reinstatement thereof ... by mail in the manner provided by Rule 403."
Pa.R.Civ.P. 404(a)(2).

a copy of plaintiff's receipt and return receipt.  The receipt was postmarked July 14, 2006 and addressed to Nilesh Patel of 265 Brookville Road, Brookville, NY 11545.  (Id., Doc. 21-4, p.4).  The return receipt was signed by Nilesh Patel on July 25, 2006 and also indicates the summons and complaint were addressed to Nilesh Patel of 265 Brookville Road, Brookville, NY 11545.  Id.  Therefore, service of process was in compliance with Fed.R.Civ.P 4(e) and Pa.R.Civ.P. 403, and, consequentially, this court has obtained jurisdiction over Defendant Patel.  We will deny the defendants' Motion to Dismiss with respect to the defendants' challenge improper service of process and lack of personal jurisdiction over Defendant Patel.

**Conclusion**

For all of the foregoing reasons, the defendants' motion to dismiss (Doc. 20) will be **DENIED**.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **U.S. FOODSERVICE, INC.,** | : | **3:06cv1293** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **LONG ISLAND RESTAURANT, LLC,** | : | |
| **and NILESH PATEL,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

_____**AND NOW**, to wit, this 11th  day of January 2008, the defendants'
motion to dismiss (Doc. 20) is hereby **DENIED**.


**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

14